IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CENTURY MARTIAL ART SUPPLY, L.L.C., an Oklahoma limited liability company,<br><br>        Plaintiff,<br><br>vs.<br><br>DYNAMICS WORLD, INC., a New York corporation,<br><br>        Defendant. | Case No. CIV-17-1194-M |

## **ORDER**

This case is scheduled for trial on the Court's December 2018 trial docket.

Before the Court is Defendant's Motion to Stay Remaining Scheduling Order Deadlines and All Discovery Pending Ruling on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, filed August 29, 2018. Plaintiff filed its response on September 5, 2018, and on September 12, 2018, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

Plaintiff originally filed this action against defendant in the District Court of Oklahoma County on July 11, 2017, alleging that defendant has engaged in false product labeling resulting in lost sales for plaintiff. Defendant thereafter removed to this Court based on diversity jurisdiction, and then moved to dismiss this case for lack of personal jurisdiction—that motion is currently pending before this Court. Defendant now moves this Court for a stay of discovery and scheduling order deadlines pending the resolution of its dispositive motion.

II.   Discussion

District courts retain the "discretion to issue a stay pending the outcome of a dispositive motion." *CEP Mid-Continent, LLC v. Turkey Creek*, LLC, No. CIV-09-350, 2010 WL 455128 at 1 (N.D. Okla. February 2, 2010). It is generally appropriate for a court to issue a stay where the case is likely to conclude upon a resolution of the dispositive motion—particularly where the facts sought through discovery would not affect the motion. *See Kutilek v. Gannon,* 132 F.R.D. 296, 297-298 (D. Kan. 1990). Yet, such stays are not routinely granted by courts. *See, e.g., Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (to obtain a stay, the movant must make out a clear case of hardship or inequity in being required to go forward); *see also Samson Res. Co. v. J. Aron & Co.*, No. CIV-09-752, 2009 WL 1606564 (N.D. Okla. June 9, 2009). Moreover, "[t]he underlying principle clearly is that the right to proceed in court should not be denied except under the most extreme circumstances." *Chilcott*, 713 F.2d at 1484. Finally, a discovery stay is particularly disfavored when it would prevent a party from seeking matters relevant to the dispositive motion. *See Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1560 (11th Cir. 1985); *see also Wolf v. U.S.,* 157 F.R.D. 494 (D. Kan. 1994).

Having carefully reviewed the parties' submissions, and applying the principles established above, the Court finds that defendant has not shown good cause for a stay of discovery. Defendant asserts that because this Court's ruling on its motion to dismiss for lack of personal jurisdiction could terminate the case, a stay of discovery pending that ruling is appropriate. Yet plaintiff asserts that a stay is unnecessary—especially considering that plaintiff is seeking to discover information from defendant bearing on personal jurisdiction. The Court agrees with plaintiff and finds that, particularly where, as here, one party seeks information relevant to the dispositive motion, a discovery stay is inappropriate. Moreover, the Court finds that defendant has failed to demonstrate

2

the clear case of hardship required for a stay. Accordingly, the Court finds that defendant's motion to stay discovery should be denied.

III. Conclusion

For the reasons set forth above, the Court DENIES Defendant's Motion to Stay Remaining Scheduling Order Deadlines and All Discovery Pending Ruling on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [docket no. 15].

**IT IS SO ORDERED this 14th day of September, 2018.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE