IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CENTURY MARTIAL ART SUPPLY,    )
L.L.C,                          )
                                )
      Plaintiff,                )
                                )
v.                              )     Case No. CIV-17-1194-D
                                )
DYNAMICS WORLD, INC.,           )
                                )
      Defendant.                )

# O R D E R

Before the Court is Plaintiff's Motion to Compel [Doc. No. 27], filed pursuant to

Fed. R. Civ. P. 37(a). Plaintiff seeks complete answers to interrogatories and responses to

document requests served in August 2017. Plaintiff complains that Defendant has

produced redacted documents, and has failed to provide other documents and information

relevant to its claims that Defendant engaged in deceptive marketing, labeling, and sales

practices in violation of the Oklahoma Deceptive Trade Practices Act, Okla. Stat. tit. 78,

§§ 51-56, and the Lanham Act, 15 U.S.C. §§ 1051-1127. *See* First Am. Compl. [Doc.

No. 12]. Defendant has responded [Doc. No. 29] to the Motion, and Plaintiff has replied

[Doc. No. 30]. The Motion is thus fully briefed and at issue.[1]

---

[1] The Court notes that Defendant removed the case to federal court based on diversity of
citizenship under 28 U.S.C. § 1332. *See* Notice of Removal [Doc. No. 1], ¶¶ 4-8. Plaintiff
subsequently filed an Amended Complaint [Doc. No. 12] to correct its original pleading that
identified itself as a corporation. *See* Pl.'s Unopposed Mot. Leave Am. Compl. [Doc. No. 8].
Plaintiff alleges it is an Oklahoma limited liability company with a principal place of business in
Oklahoma, and its members reside in Oklahoma. *See* Am. Comp. ¶ 1. These allegations do not
establish Plaintiff's citizenship. *See Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d
1233, 1237-38 (10th Cir. 2015) (LLC has citizenship of all members); *Whitelock v. Leatherman*,

The primary basis of Defendant's opposition to Plaintiff's Motion is the fact that it has filed a motion to dismiss for lack of personal jurisdiction [Doc. No. 14], which remains pending. Defendant complains that Plaintiff's discovery requests are "not limited to questions relating to [Defendant's] contacts with Oklahoma and [are] not limited to [Defendant's] sale of allegedly wrongfully labeled and advertised uniforms to Oklahoma residents." *See* Def.'s Resp. Br. at 2 (emphasis omitted). Defendant contends it has produced enough information to show a lack of relevant contacts with the State of Oklahoma and "none of this additional information that Plaintiff seeks has anything to do with the merits" of Defendant's jurisdictional motion. *Id.* Defendant proposes that Plaintiff be required to "explain how this information relates to the pending Motion to Dismiss." *Id.* at 5; *see also id.* at 3, 6. Defendant also seeks to justify its redactions and objections to Plaintiff's discovery requests by arguing that Plaintiff is "attempt[ing] to gain confidential and proprietary information from a direct competitor." *Id.* at 1, 5.

Plaintiff disagrees with Defendant's premise. The previously assigned judge, the Honorable Vicki Miles-LaGrange, entered a scheduling order in the case authorizing merits discovery and setting a trial date.[2] More importantly, Judge Miles-LaGrange denied a motion by Defendant to stay discovery pending a ruling on its motion to dismiss. *See*

---

460 F.2d 507, 514-15 (10th Cir. 1972) (alleging individual's place of residence is insufficient). Plaintiff has not filed a disclosure statement identifying its constituent members and their citizenship, as required by LCvR7.1.1. Thus, the existing record is insufficient to establish diversity jurisdiction. Plaintiff is directed to cure this deficiency.

[2] Later motions by the parties to extend certain deadlines and amend the trial setting have been granted. *See* 10/1/18 Order [Doc. No. 24]; 1/2/19 Order [Doc. No. 34].

9/14/18 Order [Doc. No. 20]. She specifically found that "where, as here, one party seeks information relevant to the dispositive motion, a discovery stay is inappropriate." *Id*. at 2. Further, Plaintiff argues that "unilateral redaction of otherwise relevant information is not a proper way to handle production of proprietary information." *See* Pl.'s Mot. at 5.

Upon consideration of the parties' arguments and the case record, the Court finds itself in substantial agreement with Plaintiff. There has been no order bifurcating the case into jurisdictional and merits phases, and an order staying discovery (or limiting it to jurisdictional issues) was previously denied. Defendant provides no legal authority for its position that Plaintiff should be required to justify its requests for relevant information. Defendant also has not moved for a protective order to shield proprietary information from production or disclosure. Defendant's self-help behavior is untenable.

Further, contrary to Defendant's arguments, some of the sales, revenue, and marketing information sought by Plaintiff is relevant to the jurisdictional issues. To establish personal jurisdiction of a nonresident defendant in a diversity case, "a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc*., 618 F.3d 1153, 1159 (10th Cir. 2010) (internal quotation omitted).[3] The familiar due process standard requires "minimum contacts" between the defendant and the forum state, and the standard may be

---

[3] Under Oklahoma law, the personal jurisdiction inquiry is simply the due process analysis. *See Intercon, Inc. v. Bell Atl. Internet Sol.*, 205 F.3d 1244, 1247 (10th Cir. 2000); *see Monge v. RG Petro-Mach. (Grp.) Co.*, 701 F.3d 598, 613 (10th Cir. 2012).

satisfied by showing either general or specific personal jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011); *see also Bristol-Myers Squibb Co. v. Superior Ct.*, 137 S. Ct. 1773, 1179-80 (2017). In this case, Plaintiff relies on specific jurisdiction to establish personal jurisdiction over Defendant in Oklahoma. *See* Pl.'s Resp. Def.'s Mot. Dismiss [Doc. No. 18] at 11 ("specific jurisdiction applies here, and the Motion should be denied on that basis").

Although Plaintiff's jurisdictional theory regarding Defendant's internet-based sales of martial arts products is not entirely clear, Plaintiff does invoke the analysis for tort actions established by *Calder v. Jones*, 465 U.S. 783 (1984). *See* Pl.'s Resp. Br. at 1, 11-13.[4] In *Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011), the Tenth Circuit cited with approval a "*Calder*-derived analysis for specific jurisdiction in the internet context," under which "courts look to indications that a defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state." The Tenth Circuit subsequently utilized this analysis for internet-based tort claims in *Old Republic Insurance Co. v. Continental Motors, Inc.*, 877

---

[4] This analysis "has three elements: (a) an intentional action . . . that was (b) expressly aimed at the forum state . . . with (c) knowledge that the brunt of the injury would be felt in the forum state." *See Niemi v. Lasshoffer*, 770 F.3d 1331, 1348 (10th Cir. 2014) (internal quotation omitted); *see also Anzures v. Flagship Rest. Grp.*, 819 F.3d 1277, 1280 (10th Cir. 2016); *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1072 (10th Cir. 2008). In *Walden v. Fiore*, 134 S. Ct. 1115 (2014), the Supreme Court clarified its holding in *Calder*. Under *Walden*, 134 S. Ct. at 1121, "the defendant's suit-related conduct must create a substantial connection with the forum State." This "defendant-focused" inquiry requires that "the relationship between a defendant and the forum State must arise out of contacts that the defendant *himself* creates with the forum State," and those contacts must be "with the forum State itself, not the defendant's contacts with persons who reside there." *Id*. at 1122 (internal quotation omitted, emphasis in original); *see Anzures*, 819 F.3d at 1280.

F.3d 895, 908, 917 (10th Cir. 2017). In addition, the Tenth Circuit considered in *Old Republic* a market exploitation theory based on the following principles:

> Continuous and deliberate exploitation of the forum state market can satisfy the minimum contacts standard for specific jurisdiction over an out-of-state defendant in a suit arising from its related sales there. Factors suggesting purposeful direction based on forum state market exploitation include: (a) high sales volume and large customer base and revenues, and (b) extensive nationwide advertising or ads targeting the forum state.

*Id*. at 914-15 (citations omitted). Under this analysis, Defendant's customer base, sales, revenues, and marketing efforts are relevant to the jurisdictional analysis. *Id*. at 916.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel [Doc. No. 27] is GRANTED, subject to an appropriate protective order.[5] Defendants shall provide full and complete responses to Plaintiff's interrogatories and requests for production within 30 days from the date of this Order.

IT IS FURTHER ORDERED that under the circumstances presented no award of expenses under Fed. R. Civ. P. 37(a)(5) is warranted.

IT IS SO ORDERED this 14th day of January, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5] Mindful of Defendant's objection to the production of proprietary information to a direct competitor, the Court believes Defendant's concerns can be alleviated by the entry of a protective order. The parties, through counsel, are directed to meet and confer in an effort to agree on the terms of an appropriate order. If an agreement cannot be reached, Defendant shall file a motion pursuant to Fed. R. Civ. P. 26(c) within 14 days from the date of this Order, providing a draft of its proposed protective order and identifying the points of disagreement.